UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER QUINN | : | CIVIL ACTION |
| | : | No. 11-02471 |
| v. | : | |
| | : | |
| TAMIKA CINTRON, et al. | : | |
| | : | |
| O'NEILL, J. | : | October 31, 2013 |

**<u>MEMORANDUM</u>**

Pursuant to § 1983, plaintiff Peter Quinn's amended complaint asserts violations of his constitutional rights by defendant police officers, defendant Cintron and the City of Philadelphia stemming from his arrest for assault on December 1, 2009. The parties have stipulated to the dismissal of defendant Cintron, all claims against the City of Philadelphia and the claim for malicious prosecution against all defendants. On June 25, 2012 defendants moved for partial summary judgment on all claims remaining except plaintiff's claim against defendant Rafferty for excessive force in violation of the Fourth Amendment. I granted defendants' motion and entered judgment in favor of defendants on all claims except this excessive force claim against Defendant Rafferty, which is listed for trial on January 6, 2014.

Now before me is plaintiff's motion for reconsideration of my Order of October 1, 2013 granting defendants' partial motion for summary judgment. Alternatively, plaintiff seeks amendment of my Order and asks that I enter final judgment on his claims for false arrest and false imprisonment pursuant to Rule 54(b). For the foregoing reasons I will deny plaintiff's motion.

**I.      Reconsideration**

Pursuant to Local Rule 7.1(g), a party may move for "reconsideration or reargument . . . within 14 days after the entry of the judgment, order or decree concerned." Local R. Civ. P. 7.1(g). In order to prevail on a motion for reconsideration, the moving party must show one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 667 (3d Cir. 1999). Importantly, the moving party's "mere disagreement" with the Court's decision is not grounds for reconsideration. Meachum v. Temple Univ. of the Commw. Sys. of Higher Educ., 56 F. Supp. 2d 557, 557 n.2 (E.D. Pa. June 30, 1999), citing Bermingham v. Sony Corp., 820 F. Supp. 834, 856 (D.N.J. 1992). The moving party bears a substantial burden, which cannot be satisfied through "recapitulation of the cases and arguments considered by the court before rendering its original decision." Young Jewish Leadership Concepts v. 939 HKH Corp., No. 93-2643, 1994 WL 184410, at *1 (E.D. Pa. May 10, 1994), citing Starr v. J.C.I. Data Processing, Inc., 767 F. Supp. 633, 635 (D.N.J. 1991).

In this case, plaintiff asserts that I committed a clear error of law by "failing to determine whether any crime had been committed." Dkt. No. 32 at 3. He contends that Ms. Cintron, the alleged victim of his alleged conduct, did not suffer an injury serious enough to constitute a "bodily injury" to warrant his December 1, 2009 arrest for assault. Id. at 4.

Plaintiff misunderstands the relevant probable cause analysis and seems to confuse it with the prosecutor's burden to prove the elements of assault against him at a criminal trial. As explained in my Memorandum accompanying the Order plaintiff opposes, an arrest supported by probable cause is not actionable under § 1983. Dkt. No. 30 at 6. Further, probable cause to

arrest is a significantly lower standard than that necessary to achieve a conviction for the crime charged.  E.g., Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988) ("The proper inquiry in a section 1983 claim based on false arrest or misuse of the criminal process is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe that the person arrested had committed the offense.")  I found that the victim's statement to officers, which the arresting officer understood to include her claims that "her rib cage hurt" and that the plaintiff was responsible, and the corroborating statements of three independent eyewitnesses were sufficient to give rise to probable cause to arrest plaintiff.  Dkt. No. 30 at 8-9.  Additionally, plaintiff has not denied that the victim gave this statement to the defendant officers prior to plaintiff's arrest.  Though he opposes the content of her statement, that she was actually injured by plaintiff, he has not disputed that when they arrived on the scene she told the officers that she had been elbowed by plaintiff.  Rather, plaintiff corroborated this fact in his own deposition when he stated that Ms. Cintron became angry and accused Mr. Quinn of elbowing her.  Quinn Dep. 100:24-25 (Pl.'s Ex. 2).

Because probable cause is determined at the moment an arrest is made, Ms. Cintron's subsequent statement in her January 30, 2012 deposition that she was not injured is irrelevant to the inquiry as to whether defendants had probable cause to arrest plaintiff.  Though the questions of whether Ms. Cintron actually suffered a bodily injury and whether any injury was sufficient to support a criminal assault charge would have been important ones for a jury at a criminal trial of Mr. Quinn, they do not bear on whether the defendant officers had probable cause to arrest him, especially in light of the victim's allegations and the eyewitness statements at the time of the arrest.  Accordingly, plaintiff has failed to carry his burden of demonstrating that this Court committed clear error of law or fact.

Plaintiff also contends that I committed clear error by resolving a conflict in favor of the moving party rather than the non-moving party. Dkt. No. 32 at 10. He repeats his argument that defendant Shoemaker's apparent confusion over the precise moment of arrest demonstrates that the decision to arrest plaintiff was made before probable cause was determined. I reject this argument again. Even assuming arguendo that the moment of arrest was the earliest possible, at 11:40 a.m. when defendant officers arrived on the scene, the uncontested facts show that plaintiff was not arrested until after the officers had taken statements from the victim and the three corroborating eyewitnesses. Because I have found that these statements give rise to probable cause as a matter of law, the precise moment of plaintiff's arrest is not relevant since it occurred after these statements were given. Finally, Officer Robinson-Middleton's Vehicle or Pedestrian Investigation Report establishes only that she was called to the courthouse at 11:20am. It does not establish that Mr. Quinn was arrested at 11:20 a.m., prior to a proper determination of probable cause, because plaintiff himself agrees that he was taken from the courthouse at approximately 11:40 a.m. Dkt. No. 27 at 10.

Further, the expense and time of trying the only one of plaintiff's claims remaining and the limited damages for which he remains eligible do not constitute a manifest injustice. Rather, the decision to litigate is always one which requires plaintiffs to consider the time and expense of doing so. Defendants did not move for summary judgment on plaintiff's excessive force claim, and so plaintiff has been on notice since June 25, 2012 that litigation could be limited to that claim.

Plaintiff has not demonstrated that I overlooked any dispositive facts or controlling law. Rather, his stated grounds for reconsideration are mere repetition of facts and cases raised in his opposition to defendants' motion for summary judgment that I have already considered and

rejected. Plaintiff's mere disagreement with my analysis does not warrant reconsideration of my Order.

**2.      Rule 54(b): Amendment to Enter Final Judgment**

When an action involves more than a single claim for relief, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Certification of a final decision pursuant to Rule 54(b) therefore requires two separate findings: "that (1) there has been a final judgment on the merits; and (2) there is 'no just reason for delay.'" Freedom Medical, Inc. v. Gillespie, No. 06-3195, 2013 WL 3819366, at *2 (E.D. Pa. July 24, 2013), citing Berckeley Inv. Grp., Ltd. V. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006).

A final judgment is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994); see also Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006). Under Rule 54(b), a grant of a partial motion for summary judgment is not a final judgment unless "the court expressly determines that there is no reason [to delay entering final judgment.]" Because I have made no such determination, my partial grant of defendants' motion for summary judgment was not a final order subject to the provisions of Rule 54(b). See Freixenet, S.A. v. Admiral Wine and Liquor Co., 731 F.2d 148, 152 (3d Cir. 1984) ("The grant of a partial summary judgment is not a final judgment . . . ").

"Sound judicial administration does not require that Rule 54(b) requests be granted routinely." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980). Recognizing that district courts must "assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals,'" I will deny plaintiff's request to certify a final decision under

Rule 54(b) with respect to his claims for false arrest and false imprisonment. Id. at 8, quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956). As plaintiff correctly notes, "even if the arrest was made with probable cause, the arresting officer can still remain liable for an excessive force claim if the force used to make the arrest exceeded the bounds of the 4th Amendment." Dkt. No. 32 at 17. However, this fact inures against granting plaintiff's request under Rule 54(b), as any appeal of his claims for false arrest and false imprisonment would not resolve his outstanding excessive force claim, thus potentially give rise to two appeals. This impedes sound judicial administration and creates exactly the piecemeal appeal process that I should prevent. Therefore, I will deny plaintiff's request to enter final judgment on his claims for false arrest and false imprisonment.

 An appropriate Order follows.